UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60199-CIV-DIMITROULEAS/SNOW

**MOTDGD LTD**, d/b/a GameServerAds, a
United Kingdom private limited company,
    Plaintiff/Counter-Defendant,

v.

**PLAYWIRE LLC**, d/b/a Playwire Media,
a Florida limited liability company,
    Defendant/Counter-Plaintiff.
_____/

**PLAYWIRE, LLC'S RESPONSE IN OPPOSITION TO
MOTDgd, LTD.'S MOTION TO COMPEL DEPOSITION OF DEFENDANT'S
RULE 30(b)(6) DESIGNATED REPRESENTATIVE AND FOR SANCTIONS [D.E. 70],
<u>AND MEMORANDUM OF LAW IN SUPPORT</u>**

Defendant/Counter-Plaintiff Playwire LLC ("Playwire" or "Defendant"), by and through its undersigned counsel, hereby files this Response in Opposition to Plaintiff/Counter-Defendant MOTDgd, Ltd.'s ("MOTDgd" or "Plaintiff") Motion to Compel Deposition of Defendant's Rule 30(b)(6) Designated Representative and for Sanctions [D.E. 70] ("Motion to Compel"), and states:

## SUMMARY

1. The depositions at issue in Plaintiff's Motion to Compel, of Playwire's corporate representatives, already took place on January 11 and 20, 2022. Both witnesses testified for approximately eight (8) hours.

2. Playwire represented to MOTDgd in writing (multiple times, for weeks) that Jayson Dubin, Playwire's CEO and President, would appear for deposition on January 20, after MOTDgd's depositions on January 18 and 19 (MOTDgd proposed January 18-20 for its corporate representative depositions, and Playwire selected January 18-19). *See* Def.'s Exs. A, B, and C.

3. Despite that notice, MOTDgd filed not one, but two Motions to Compel directed to the corporate deposition of Playwire in less than a week (and also one week prior to discovery cutoff). Further, MOTDgd did not re-Notice Jayson Dubin's deposition for January 20, choosing instead to burden the Court with another frivolous motion (for a total of four, in one week).

4. Playwire's former employee, non-party witness Jared Fox, cleared January 12, 2022 with his employer for deposition, which MOTDgd was made aware of well in advance. *See* Def.'s Ex. C at P. 3. Mr. Fox's deposition commenced at 9:15 a.m. and concluded after 5:00 p.m. Therefore, MOTDgd's insistence that the deposition of Jayson Dubin also take place on that same date was illogical, particularly given MOTDgd's availability on January 20, 2022. MOTDgd acknowledged in its prior Motion to Compel that Mr. Dubin is a key witness whose knowledge encompasses a vast number of subjects (making it highly likely that he would also be deposed for a full day). *See* Def.'s Exs. A & E; Mot. to Compel [D.E. 65 at 2 n.2].

5. In accordance with the District Court's guidance provided in its latest Order [D.E. 62] directing the parties to work out their differences pertaining to discovery, Playwire presented its first corporate representative, Nick Branstator, on January 11, who testified for approximately 8 hours, in both his individual and corporate capacities, focusing on technical matters, as Playwire's Chief Technology Officer. Playwire also facilitated the depositions of Mr. Fox on January 12, and another former employee, non-party witness Bryan Bugallo on January 13, 2022.

Thus, MOTDgd took three depositions and had Playwire's agreement to present the fourth on January 20.

6. Despite that, Plaintiff's counsel suddenly began taking the position that Plaintiff would not appear for deposition prior to the discovery cutoff, contrary to the Court's Order denying their unilateral motion for extension of time [D.E. 62]. *See* Def.'s Composite Ex. D. In response, Defendant provided Plaintiff caselaw from this district controverting Plaintiff's purported ground for refusing to appear for deposition and again, suggested a deposition schedule that allowed for all depositions to be completed by both sides, prior to discovery cutoff. *See* Def.'s Ex. H.

7. Specifically, Playwire repeatedly offered to present its remaining corporate representative, Mr. Dubin for deposition on January 20, 2022, after MOTDgd presents its corporate representatives on January 18 and 19, 2022. *See id.* & Def.'s Ex. C. Despite representing in its Motion for Protective Order that MOTDgd intends to present its corporate representatives on January 18 and 19 [D.E. 64 at 4] (and those deposition now having taken place), and Playwire's repeated written assurances that it will present Mr. Dubin thereafter on January 20 (including in Playwire's Opposition filed on January 17, 2022, D.E. 67 at 3), MOTDgd needlessly filed a second Motion to Compel. *See* Def.'s Exs. C & H.

8. As represented, Mr. Dubin appeared for deposition on January 20, 2022 and testified, in both his individual and corporate capacities, for approximately eight (8) hours and twenty-eight (28) minutes.

9. This latest motion was filed on the heels of MOTDgd's Motion for Protective Order and for Sanctions [D.E. 64], and Motion to Compel Deposition of Jayson Dubin [D.E. 65], both of which were equally baseless. Playwire was prejudiced by Plaintiff's unwarranted motion practice, devoting substantial time responding to these motions, not just the remaining depositions.

10. MOTDgd's latest Motion to Compel, and its immediately preceding Motion to Compel [D.E. 65] and Motion for Protective Order [D.E. 64] are a complete waste of the Court's scarce resources, as well as the resources of Playwire. MOTDgd's baseless motion practice is sanctionable. MOTDgd continues to manufacture disputes that could be easily resolved by the parties, and its brazen actions fly in the face of the District Court's recent Order [D.E. 62] advising that the time to bring discovery motions has passed and cautioning the parties against bringing such motions.

## MEMORANDUM OF LAW

**A.      MOTDgd's Motion to Compel should be summarily denied, because Jayson Dubin, Playwire's remaining corporate representative, appeared for deposition.**

11.     Plaintiff's Motion to Compel is entirely without merit and a waste of the Court's scarce resources. As discussed, Mr. Dubin appeared for deposition on January 20, 2022 and testified for eight (8) hours and twenty-eight (28) minutes. Notably, MOTDgd specifically advised that its counsel was available on this date. *See* Def.'s Ex. A. To be clear, Playwire agreed to complete its deposition with Jayson Dubin, after the depositions of MOTDgd and its corporate representatives on January 18 and 19, with Playwire consistently reiterating that Mr. Dubin is available for deposition on January 20, 2022. *See* Def.'s Ex. C at P. 3. Now, as of the time of the filing of this Opposition, all three of the corporate depositions have already taken place.

12.     The deposition of Playwire's former employee, Jared Fox took place on January 12, 2022. Mr. Fox, a <u>non-party</u> witness, cleared this date with his employer, and MOTDgd was advised of this fact well in advance. Further, Mr. Fox's deposition commenced at 9:15 a.m. and ended after 5 p.m., making it impossible to complete Mr. Fox's deposition and Mr. Dubin's deposition on the same date, as MOTDgd insisted, particularly in light of MOTDgd's acknowledgment that Mr. Dubin is a "key witness" who would likely cover the remaining Playwire corporate topics, following Nick Branstator's earlier 8 hour testimony on January 11, 2022.

13.     Because Mr. Dubin agreed to appear for deposition on January 20, 2022 and did so as repeatedly advised (after the depositions of MOTDgd's corporate representatives on January 18 and 19, all dates on which MOTDgd was available), the Motion to Compel should now be denied. To be clear, Mr. Dubin never refused to appear for deposition, despite Plaintiff's contention that he did not appear on a date unilaterally set by Plaintiff [D.E. 70 at 1], on which date, non-party Jared Fox's deposition took place for the entire day. *See* Def.'s Exs. A, C & H; *Karakis v. Foreva Jens Inc.*, No. 08-61470-CIV-COHN, 2009 WL 113456, at *6 (S.D. Fla. Jan. 19, 2009) ("The unilateral setting of depositions (especially coupled with an unwillingness by counsel to reschedule the deposition date) leads to the filing of unnecessary motions, as demonstrated in this case. Such motions are a waste of the parties' time and money, as well as a waste of scare judicial resources. . . . **Plaintiff's counsel filed Motions for Sanctions and to Compel, notwithstanding that the witnesses would be available for deposition within two to four working days.**") (emphasis

added). *See also Chavez v. Arancedo*, No. 17-20003-CIV-TORRES, 2017 WL 3025841, at *4 (S.D. Fla. July 17, 2017).

14. Moreover, while MOTDgd claims that Playwire's other corporate representative, Nick Branstator, "was not prepared to testify regarding a significant number of topics that were included in Plaintiff's deposition notice," Mr. Branstator, Playwire's Chief Technology Officer, testified for approximately eight (8) hours and focused on the technical topics set forth on the deposition notice, as advised. *See* Mot. [D.E. 70 at 1]. Mr. Dubin appeared for his deposition on January 20, and fully testified as to the remaining topics noticed. Therefore, Plaintiff's present Motion to Compel [D.E. 70] is not only moot, but wholly lacks merit and should be summarily denied.

15. It is also worth noting that the day before, Plaintiff's Chief Technology Officer's deposition was terminated nearly two hours early, when MOTDgd's second corporate witness burst into tears and was not able to continue, but not before demonstrating that he was grossly unprepared to discuss many of the corporate topics designated under Rule 30(b)(6), stating he/Plaintiff was without knowledge.

### B. **MOTDgd's Motion to Compel should be denied as untimely.**

16. MOTDgd filed its Complaint almost two years ago on January 30, 2020. MOTDgd has been on notice of the January 20, 2022 discovery deadline since April 26, 2021, when the District Court issued its Scheduling Oder [D.E. 54]. Thereafter, the District Court denied Plaintiff's unilateral request to extend discovery in its December 21, 2021 Order [D.E. 62], which advised:

> Plaintiff requests an extension of time to complete discovery based on Defendant's ***alleged*** refusal to cooperate during discovery. While it is admirable that Plaintiff attempted to complete discovery without court intervention, it was not advisable to do so if the only way to attempt to accomplish that was to seek extension of the Court's scheduling order deadline, **rather than *timely* seeking court intervention in the discovery process**. Accordingly, the Court does not find good cause to grant an extension of the deadline. . . . Counsel may agree among themselves to conduct discovery beyond the discovery deadline but should not expect the Court to resolve any disputes that arise after the Court's established deadline.

Order [D.E. 62] (emphasis added).

17. The District Court's Order in pointing out Playwire's "***alleged*** refusal to cooperate during discovery," recognized Playwire's cooperation during the discovery process, as evident from the email correspondence between the parties that MOTDgd submitted in support of their

4

denied motion. Once again, correspondence filed in connection with Plaintiff's latest motion demonstrates Playwire's continued cooperation. *See* Def.'s Exs. A through H. Therefore, MOTDgd's repeated complaints of Playwire's alleged refusal to cooperate during discovery rings hollow.

18. Notably, **_this very Court_** previously determined that discovery dispute motions filed shortly before the close of discovery are untimely. *See Chappel v. Boss Rain Forest Pet Resort, Inc.*, No. 16-62779-CIV-SNOW, 2017 WL 10845129, at *1-2 (S.D. Fla. Oct. 17, 2017) ("S.D. Local Rule 26.1(i) . . . was designed to prompt early resolution of discovery disputes and to ensure that discovery motions are filed when ripe and **not held until shortly before the close [of] discovery** or the eve of trial. . . . **Plaintiff . . . did not file his motion to compel until the close of discovery** . . . . Being fully advised, it is hereby ORDERED AND ADJUDGED that **Plaintiff's Motion to Compel . . . is DENIED**.") (internal quotation marks and citations omitted; emphasis added). *See also Woods v. DeAngelo Marine Exhaust Inc.*, No. 08-81579-CIV-HURLEY/HOPKINS, 2010 WL 11504407, at *2 (S.D. Fla. Feb. 4, 2010); *Rosen v. J.M. Auto, Inc.*, No. 07-61234-CIV-ROSENBAUM, 2009 WL 10667558, at *2 (S.D. Fla. Jan. 23, 2009). Accordingly, MOTDgd's Motion to Compel should also be denied as untimely.

### C.    MOTDgd's request for sanctions is without merit.

19. MOTDgd requests attorney fees for filing its latest frivolous motion. *See* Mot. [D.E. 65 at 4]. Without any factual or legal justification, MOTDgd also seeks to strike Playwire's affirmative defenses and counterclaims and to prohibit Playwire from using deposition testimony in support of its affirmative defenses and counterclaims. *See* Mot. [D.E. 70 at 5]. It is, however, Playwire who should be awarded attorney fees and other sanctions for having to respond to this third untimely and meritless motion. Playwire advised MOTDgd of the aforementioned caselaw and urged MOTDgd to cooperate in setting the parties' depositions prior to the close of discovery; however, MOTDgd chose to engage in wasteful motion practice. *See* Def.'s Exs. C & H. Further, Plaintiff failed to withdraw its Motions to Compel when they became moot. Thus, MOTDgd's request for sanctions is entirely without merit.

### CONCLUSION

WHEREFORE, Playwire most respectfully requests that the Court: (a) deny MOTDgd's Motion to Compel in its entirety; and (b) grant such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted on February 1, 2022.

By: /s/ Joseph A. Sacher
Joseph A. Sacher, Esq. (FBN 174920)
Email: jsacher@grsm.com
Marie H. Kim, Esq. (FBN 91180)
Email: mkim@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
Miami Tower, Suite 3900
100 SE Second Street
Miami, FL 33131
Tel: 305-428-5339
**COUNSEL FOR PLAYWIRE LLC**

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on February 1, 2022, counsel electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a true and correct copy of the foregoing on all counsel or parties of record designated to receive service in CM/ECF.

/s/ Joseph A. Sacher
Joseph A. Sacher