# EXHIBIT B

**Page 2**

1    I, Lisa M. Rollins, RPR, Notary Public, State of
2    Florida at Large, do hereby certify that the remote video
3    conference videotaped deposition of JAYSON DUBIN was
4    scheduled to be taken remotely via audio/video
5    conferencing on Wednesday, January 12, 2022, at 9:00 a.m.
6         I further certify that David M. Stahl, Samuel A.
7    Lewis, Jonathan E. Gale, Joseph Sacher, and Marie Kim,
8    Attorneys at Law, were present for said remote video
9    conference videotaped deposition and by 9:15 a.m. JAYSON
10   DUBIN had not appeared for the taking of said remote
11   video conference videotaped deposition.
12        Counsel made statements for the record as follows:
13        ATTORNEY STAHL:  My name is David Stahl.  I'm with
14   Cozen O'Connor, counsel for the Plaintiffs.
15        On December 15th we served Notice of Taking Video
16   Deposition by Remote Audio/Video Conferencing of Jayson
17   Dubin for January 12th, 2022, at 9:00 a.m. via Zoom.  And
18   I'm going to request that we mark as Exhibit A for
19   purposes of identification a copy of that notice.  And we
20   are now -- it is now 9:06 a.m. on January 12th.  Counsel
21   for the -- Playwire has represented that Mr. Dubin will
22   not be appearing today for the noticed deposition.
23        ATTORNEY SACHER:  My name is Joseph Sacher.  I
24   represent Playwire.  I'm with the law firm of Gordon,
25   Rees, Scully, Mansukhani.  We previously advised counsel

**Page 3**

1    of record for Plaintiff back in December upon the receipt
2    of the notices and multiple, multiple, multiple times
3    since that date of the need to coordinate all depositions
4    on mutually agreeable dates.  We have had resistance to
5    that.  We have had nonresponse to that.  And we have not
6    been able to fully coordinate all necessary depositions
7    within the alotted times, noting that the Court denied
8    Plaintiff's unilateral request to extend discovery.
9         We have suggested, numerous times, a schedule that
10   is workable to complete all depositions necessary for
11   this case that has been pending for approximately two
12   years, to be completed for scheduling ends next Thursday.
13   We advised counsel numerous times that Mr. Dubin would
14   not be appearing today but that we would make him
15   available before the close of discovery on mutually
16   acceptable dates.  Counsel has ignored that request
17   repeatedly.
18        We have also advised counsel numerous times that
19   Jared Fox, a former employee who is no longer with
20   Playwire, would be available today on a date that he
21   coordinated with his employer that was workable for him
22   in his new life, and that we would proceed with Jared
23   Fox's deposition today.  This was discussed at length.
24   This was discussed in numerous e-mails.  This was
25   discussed last night after the conclusion of the first

**Page 4**

1    half of the Rule 30(b)(6) deposition of Playwire.
2         Nick Branstator appeared yesterday on behalf of
3    Playwire and testified for in excess of seven hours.  In
4    fact, he testified for eight hours despite the time
5    limitations, and we advised counsel after the deposition
6    was over that we would be happy to produce Jayson Dubin
7    with understandings from Playwire -- I'm sorry --
8    understandings from Plaintiff that the remaining
9    depositions be properly coordinated.  Counsel has chosen
10   not to do that.
11        Counsel is threatening to take -- file a motion for
12   sanctions.  We believe there's absolutely no basis in
13   fact or law for that position.  And we remain available
14   to proceed now with Mr. Jared Fox.  And we are happy to
15   continue discussing and hopefully will be able to work
16   out a mutually acceptable schedule for the remaining
17   depositions between now and the end of discovery next
18   week as set by the Court.  Thank you.  And we object to
19   the Certificate of Nonappearance being taken.
20        ATTORNEY STAHL:  Okay.  And now I have to respond
21   because that is not an accurate description of the
22   record.  The e-mails will show that on December 1st, I
23   sent an e-mail to Mr. Sacher asking to coordinate
24   depositions, asking to have a conference to coordinate
25   the depositions.  Mr. Sacher represented that the first

**Page 5**

1    time he was available for such a conference was a week
2    later on December 8th.
3         At that conference, I told him we were going to need
4    dates for depositions in late December or early January.
5    I told him specifically at that conference on December
6    8th that we were going to want to depose Mr. Dubin and
7    Mr. Branstator at the very least.  We followed up with
8    that on an e-mail on December 10th requesting that
9    Mr. Sacher provide us dates for depositions for Mr. Dubin
10   and Mr. Branstator and for a corporate representative.
11   We asked that those be provided to us no later than
12   December 14th given that there was a cut-off of January
13   20th for discovery.
14        As of December 14th, Mr. Sacher had provided no
15   dates for his witnesses.  On December 15th we served the
16   notice that included the notice for Mr. Dubin to appear
17   today, January 12th.  In the notice, we had said at the
18   time that if they offered other alternate dates, that we
19   would consider.  The response to that from Mr. Sacher was
20   that the only dates the witnesses were available was
21   before -- between December 10 -- sorry -- January 10th
22   and January 20th of 2022, and that Mr. Sacher claimed, in
23   that same commuincation, he was not available on January
24   14th and 18th.
25        We had noticed two other depositions for January