# EXHIBIT C

**Marie Kim**

| | |
|---|---|
| **From:** | Joseph Sacher |
| **Sent:** | Friday, January 7, 2022 4:35 PM |
| **To:** | Stahl, David; Adam Ruff; Marie Kim |
| **Cc:** | Gale, James; Sanabria, Suzanna; Mendoza, Jennifer; Lewis, Samuel; Gale, Jonathan |
| **Subject:** | RE: RE: MOTDGD ltd v PLAYWIRE LLC - 20-CV-60199-Dimitrouleas/Snow - Request for Deposition Dates |

David,

Consistent with the Court's last order directing the parties to work out amongst themselves any discovery disputes, Playwire has been repeatedly attempting to coordinate deposition dates with you, so that the depositions can take place by the current discovery deadline. The schedule we proposed does just that. To reiterate, the Court's 12/21/2021 order stated:

> Plaintiff requests an extension of time to complete discovery based on Defendant's **_alleged_** refusal to cooperate during discovery. While it is admirable that Plaintiff attempted to complete discovery without court intervention, it was not advisable to do so if the only way to attempt to accomplish that was to seek extension of the Court's scheduling order deadline, **_rather than timely seeking court intervention in the discovery process_**. Accordingly, the Court does not find good cause to grant an extension of the deadline. . . . Counsel may agree among themselves to conduct discovery beyond the discovery deadline **_but should not expect the Court to resolve any disputes that arise after the Court's established deadline_**.

Order [D.E. 62] (emphasis added). Just as the record demonstrates here, by pointing out that your prior motion was based on "Defendant's **_alleged_** refusal to cooperate," the Court found that the record failed to support your argument that Playwire refused to cooperate in connection with document discovery. We point this out because your last email seriously misconstrued the Court's Order, which required clarification.

Notably, the Court advised the parties in this Order that the time has passed to seek assistance from the Court regarding discovery disputes and directed us to work out our differences. See also *Chappel v. Boss Rain Forest Pet Resort, Inc.*, No. 16-62779-CIV-SNOW, 2017 WL 10845129, at *1-2 (S.D. Fla. Oct. 17, 2017) ("S.D. Local Rule 26.1(i) . . . was designed to prompt early resolution of discovery disputes and to ensure that discovery motions are filed when ripe and not held until shortly before the close [of] discovery or the eve of trial. . . . **_Plaintiff . . . did not file his motion to compel until the close of discovery_** . . . . Being fully advised, it is hereby ORDERED AND ADJUDGED that Plaintiff's Motion to Compel . . . is DENIED.") (internal quotation marks and citations omitted; emphasis added); *Woods v. DeAngelo Marine Exhaust Inc.*, No. 08-81579-CIV-HURLEY/HOPKINS, 2010 WL 11504407, at *2 (S.D. Fla. Feb. 4, 2010) ("**_Plaintiff merely rehashes the factual circumstances surrounding the late filing of its motion to compel. . . . barely four (4) weeks away from the discovery cut off_** . . . . This Court is unable to find that manifest injustice has occurred where the party seeking reconsideration opted to wait to file a motion to compel **_so close to the discovery cut off_** . . . .") (emphasis added); *Rosen v. J.M. Auto, Inc.*, No. 07-61234-CIV-ROSENBAUM, 2009 WL 10667558, at *2 (S.D. Fla. Jan. 23, 2009) ("**_Plaintiffs have provided no explanation as to why they waited until the evening prior to the discovery cut-off to seek the Court's assistance._** . . . Under these circumstances, Plaintiffs had ample time to complete discovery before the January 9, 2009, cut-off. . . .  Accordingly, it is hereby ORDERED AND ADJUDGED that Plaintiffs' Motion to Compel Dates Certain [D.E. 78] is DENIED consistent with the terms of this Order.") (emphasis added).

You cannot unilaterally set depositions on dates which you were advised Playwire is not available and then accuse Playwire of gamesmanship when we reiterate that we are not available on those same dates. See *Karakis v. Foreva Jens Inc.*, No. 08-61470-CIV-COHN, 2009 WL 113456, at *6 (S.D. Fla. Jan. 19, 2009) ("First, it appears that Plaintiff's counsel's routine practice is to unilaterally schedule depositions, not only in this case, but in others as well. The Court views with

concern the unilateral scheduling of depositions absent the inability of the parties, after a good faith effort, to agree on mutually convenient dates. ***The unilateral setting of depositions (especially coupled with an unwillingness by counsel to reschedule the deposition date) leads to the filing of unnecessary motions, as demonstrated in this case. Such motions are a waste of the parties' time and money, as well as a waste of scare judicial resources.*** Accordingly, it is hereby ORDERED that Plaintiff's counsel shall not unilaterally set any further depositions in this case without leave of court.") (emphasis added); *Chavez v. Arancedo*, No. 17-20003-CIV-TORRES, 2017 WL 3025841, at *4 (S.D. Fla. July 17, 2017) ("By failing to reach an appropriate compromise on the scheduling of Defendant's deposition, Defendant filed a motion for Protective Order and Plaintiff filed a corresponding motion for sanctions—both of which have ***resulted in waste of the parties' time and the Court's judicial resources.*** Both motions could have been easily resolved between the parties. And contrary to Plaintiff's assertions, ***Defendant never refused to appear for a deposition.***") (emphasis added).

With respect to Jared Fox, we advised you that he cleared 1/12/22 with his employer and is available for a deposition on that date, so it is entirely unclear why you still tried to proceed with his deposition today, particularly given the fact that he is a non-party. *See Johnson L. Grp. v. Elimadebt USA, LLC*., No. 09-81331-CIV-MARRA/JOHNSON, 2010 WL 11558230, at *2 (S.D. Fla. Oct. 28, 2010) ("[C]ounsel and parties alike should at all times conduct themselves in a responsible and professional manner and participate in the discovery process with a spirit of cooperation and civility. The facts of the instant dispute exemplify the need for cooperation and communication in the discovery process. ***As a preliminary matter the Court frowns on the unilateral scheduling of depositions and asks that before any depositions are unilaterally set, attempts first be made to reach agreement with opposing counsel on deposition dates and times.*** As for how discovery is to be managed, the Court expects all applicable Federal Rules of Civil Procedure and all Local Rules of this Court be complied with. Because the proposed deponents were non-parties to this case when their depositions notices were served and not yet parties to any allowed and properly filed counterclaim, Defendant was required to issue subpoenas and effectuate proper service thereof. Having failed to do so, the Court is without jurisdiction to compel the attendance of these non-parties to deposition or impose sanctions upon them.") (internal quotation marks and citations omitted) (emphasis added).

Let's be clear -- our clients have never refused to appear for a deposition; rather, we have repeatedly attempted to schedule dates that work for everyone, not just what Plaintiff demands, when it demands it, without regard to our schedules and that of the witnesses. It now appears that your clients are refusing to appear for deposition, contrary to our longstanding coordination attempts. You will recall that we served you with a draft notice on 12/15/21 and were waiting for your cooperation before finalizing. In light of Judge Dimitrouleas' recent Order, clearly directing us to cooperate, and the caselaw from the Southern District of Florida requiring us to do so, we again request that you confirm you and your client's availability for depositions as follows:

1/12/22 – Jared Fox
1/13/22 – Bryan Bugallo
1/17/22 – Nick Branstator/Playwire
1/18/22 – Paul Lewis/MOTDgd
1/19/22 – Patrick Wall/MOTDgd
1/20/22 – Jayson Dubin/Playwire

Also please confirm that Paul Lewis and Patrick Wall will appear in both their individual and corporate representative capacities.

We look forward to your anticipated cooperation. Thank you.

Best, Joe

**JOSEPH A. SACHER**  |  Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**

Visit our COVID-19 HUB

Miami Tower
100 SE Second Street, Suite 3900
Miami, FL 33131
D: 305-428-5339   |   jsacher@grsm.com

www.grsm.com

**From:** Stahl, David <dstahl@cozen.com>
**Sent:** Friday, January 7, 2022 10:21 AM
**To:** Joseph Sacher <jsacher@grsm.com>; Adam Ruff <aruff@grsm.com>; Marie Kim <mkim@grsm.com>
**Cc:** Gale, James <jgale@cozen.com>; Sanabria, Suzanna <ssanabria@cozen.com>; Mendoza, Jennifer <jmendoza@cozen.com>; Lewis, Samuel <slewis@cozen.com>; Gale, Jonathan <jegale@cozen.com>
**Subject:** RE: RE: MOTDGD ltd v PLAYWIRE LLC - 20-CV-60199-Dimitrouleas/Snow - Request for Deposition Dates

Joe,

Your bad faith gamesmanship and intentional delays are unacceptable. We attempted to work through the scheduling and coordinating of depositions starting on December 1st. We subsequently had our meet and confer on December 8th, at which time we agreed that we would coordinate deposition dates the following week. We also agreed that in light of the holidays and the looming discovery deadline, the Parties would jointly seek an extension of that deadline to ensure that both sides would be able to take the depositions we desired. On December 10th I sent you an email confirming this and requested dates of availability for 4 of your witnesses. We never received a response to that email.

I subsequently emailed you a list of deposition topics on December 14th and once again requested dates for the deposition of your witnesses, which you refused to provide. On December 15th, after receiving no response, we needed to preserve our client's rights and I served you with Notices of Deposition for 4 of your witnesses. However, I included a note within that service email stating "Plaintiff is willing to discuss modifying the times and dates for these depositions provided that the depositions can be completed prior to January 18, 202[2], or the Court extends the time to complete fact discovery."

You immediately responded thereafter stating that you were "dealing with a number of obstacles" such as the holiday season and your vacation schedule. You further stated that it "look[ed] like all of the depositions will need to be between January 10 and 20" and that you were unavailable on January 14 and 18, but once again refused to provide any specific dates of availability for your witnesses. The next morning, I called and left you voicemail and after receiving no call back from you all day, I emailed you later that day and suggested that in light of your unavailability, the Parties move for a 30-day extension of time for the discovery cut-off we previously agreed upon. I further stated that if you were not agreeable to such an extension, we would depose your witnesses on January 10, 11, 12, and 13. We chose those dates as a courtesy to you given your previous comments about your unavailability on January 14 and 18, and re-noticed two of our depositions accordingly. On December 20, 2021, you subsequently stated that while you were "sympathetic to the current timing situation" you rejected our request to jointly move to extend the discovery deadline (after asking us to put together a Joint Motion, which we did). In your December 20 email, you did not propose any alternate dates for the depositions of your clients at all, let alone dates that were as close in time as reasonable available to our proposed dates. In fact, the first time that you proposed dates for the depositions of your clients was on January, 5, 2022—three weeks after we noticed the depositions, and more than a month after we started first

3

requesting deposition dates from you.  Your counter suggestion was unreasonable, did not include dates that were as close in time as reasonably available, and was clearly proposed in bad faith.

Plaintiff has complied with the Rules, including L.R. 26.1(h), and provided reasonable notice for taking the 4 depositions of Playwire's witnesses set on January 10, 11, 12 and 13.  As such, we expect that your client will comply with its obligations under the Federal and Local Rules and will produce its witnesses for deposition on those dates. In its December 21, 2021 Order, the Court warned that it was not advisable to seek to complete discovery without court intervention when Playwire is refusing to cooperate during discovery.  Thus, in accordance with that Order, we are taking all steps necessary to be able to timely seek court intervention should Playwire continue with its obstructionist tactics.

As Mr. Fox did not appear for his deposition this morning, we intend to try to reschedule his deposition for either January 18 or 19, now that you have acknowledged your availability on those dates.  As Playwire has not complied with the Local Rules regarding the depositions you are proposing be taken on January 18 and 19, the dates for those depositions should no longer be at issue.  We are happy to discuss possible ways for Playwire to comply with the Rules if it still desires to depose those witnesses.

We look forward to seeing you and Mr. Branstator via Zoom for his deposition at 9am this upcoming Monday, January 10, 2022.

Regards,

David



**David Stahl**
**Member | Cozen O'Connor**
Southeast Financial Center 200 South Biscayne Blvd, Suite 3000 | Miami, FL 33131
P: 305-397-0807 F: 305-720-2248
Email | Bio | Map | cozen.com

---

**From:** Joseph Sacher <jsacher@grsm.com>
**Sent:** Thursday, January 6, 2022 5:27 PM
**To:** Stahl, David <dstahl@cozen.com>; Adam Ruff <aruff@grsm.com>; Marie Kim <mkim@grsm.com>
**Cc:** Gale, James <jgale@cozen.com>; Sanabria, Suzanna <ssanabria@cozen.com>; Mendoza, Jennifer <jmendoza@cozen.com>; Lewis, Samuel <slewis@cozen.com>; Gale, Jonathan <jegale@cozen.com>
**Subject:** RE: RE: MOTDGD ltd v PLAYWIRE LLC - 20-CV-60199-Dimitrouleas/Snow - Request for Deposition Dates

**\*\*EXTERNAL SENDER\*\***

Hi David,

We appreciate that you are frustrated with the Court's denial of MOTDgd's unilateral motion for extension, but that is no reason to be uncooperative in scheduling depositions with us.

The record is clear that you did not confer with us about these specific dates and witnesses.  To the contrary, we reached out on 12/15 to discuss coordinating of deposition dates with you and your team.  At that time, we specifically advised you that we had conflicts on 1/14 and 1/18 and asked you about your client's availability for deposition on 1/6 or 1/7.  We also wrote to you on 12/20 and immediately advised you that the dates you unilaterally noticed for depositions were not coordinated or confirmed with us and that we would need to discuss those dates and hammer out workable dates with you, asking to do so by New Year.

It was not until 12/21 that you advised us that your clients were only available on the last three days of discovery, 1/18 through 1/20, despite my prior discussion about unavailability, and you did not engage in any other discussions about scheduling the depositions in this matter.

After not receiving a substantive response to our repeated inquiries, we again wrote to you on 12/24 stating that we received various notices, but that we had previously advised you that we needed to discuss and coordinate the deposition dates based upon conflicts due to our schedules in other matters, as well as witness availability, etc.  Again, we advised you that we would be happy to discuss with you the following week, as previously mentioned, and asked for your availability – doing so in two separate emails.

Faced with your continued silence, we wrote to you again yesterday, attempting to discuss and coordinate deposition dates, suggesting workable dates.

The deposition you unilaterally scheduled for tomorrow, without proper coordination with us or the non-party witness, will not be going forward tomorrow.  As we already advised you, Mr. Fox no longer works for Playwire and he advised that he is available for deposition on 1/12, after clearing with his employer.  Additionally, I have meetings scheduled tomorrow, as well as my booster vaccine.  Thus, we need to coordinate the rescheduling of this deposition.  That is why we suggested a different date for Jayson Dubin to be deposed.  Additionally, I have a Federal Court hearing on Monday that makes Monday unworkable and why we suggested Nick Brancaster be deposed on 1/17, based on his availability.

As far as Bryan Bugallo, who is no longer with Playwire, we have confirmed that he is available on 1/13.  But to be clear, despite previously advising you to coordinate through us, you subpoenaed him directly, without first coordinating a specific date with us.

We further note that you did not send out Zoom information or calendar invites for many of the dispositions until today, after our email of last night, when we suddenly received 6 calendar invites.

Additionally, you have not answered our question about doubling up depositions of individuals who are also appearing as corporate representatives.  Please advise, as previously requested and confirm whether Wall and/or Lewis will be appearing as corporate representatives for MOTDgd.

As Judge Dimitrouleas' recent order explained, the parties have to work it out, so it's in our collective best interest to come to an agreement.  With that in mind, we will try once again…

1/7 – doesn't work
1/10 – doesn't work
1/12 – Jared Fox (or suggest another date and we will consider and follow-up)
1/13 – Bryan Bugallo
1/14 – doesn't work
1/17 – Nick Brancaster/Playwire (appearing in both individual and corporate capacities?)
1/18 – Paul Lewis/MOTDgd (assuming he is appearing in both individual and corporate capacities?)
1/19 – Patrick Wall/MOTDgd (assuming he is appearing in both individual and corporate capacities?)
1/20 – Jayson Dubin/Playwire (appearing in both individual and corporate capacities?)

Thank you.

Joe

**JOSEPH A. SACHER** | Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**

Visit our COVID-19 HUB

Miami Tower
100 SE Second Street, Suite 3900
Miami, FL 33131
D: 305-428-5339   |   jsacher@grsm.com

www.grsm.com

---

**From:** Stahl, David <dstahl@cozen.com>
**Sent:** Thursday, January 6, 2022 9:54 AM
**To:** Joseph Sacher <jsacher@grsm.com>; Adam Ruff <aruff@grsm.com>; Marie Kim <mkim@grsm.com>
**Cc:** Gale, James <jgale@cozen.com>; Sanabria, Suzanna <ssanabria@cozen.com>; Mendoza, Jennifer <jmendoza@cozen.com>; Lewis, Samuel <slewis@cozen.com>; Gale, Jonathan <jegale@cozen.com>
**Subject:** RE: RE: MOTDGD ltd v PLAYWIRE LLC - 20-CV-60199-Dimitrouleas/Snow - Request for Deposition Dates

Hi Joe,

   The depositions for January 7, 10, 11, 12, and 13 were all properly noticed.  For two of the depositions, we even rescheduled them because you claimed that you were unavailable on January 14 and 18.   At this late date, we will not agree to any changes to those depositions and we fully expect that your clients and their officers, managing agents, and any witnesses they designate under Rule 30(b)(6) will appear for their properly noticed depositions.

    With regard to Mr. Fox, are you claiming that you now represent him?   You did not list Mr. Fox on your initial disclosures, and despite the fact that we served you with the Notice of Deposition of Mr. Fox on December 21, 2021, you have waited more than two weeks to first suggest that you are representing him.   We are also very concerned regarding your claim that Mr. Fox is not available for his deposition on January 7, 2022.  On December 27, 2021, Mr. Fox sent an email to Jonathan Gale in which Mr. Fox requested that the January 7th deposition be taken remotely via Zoom rather than in person.  We consented to that request.   Mr. Fox never raised any issues in his email regarding the date or time of the deposition.   As such, we do not believe your representation to us that Mr. Fox is only available on January 12.

    Finally, do you represent Mr. Bugallo?  On your initial disclosures, you represented that we should contact Mr. Bugallo through you, and you never supplemented our disclosures.    If you no longer represent Mr. Bugallo, please explain why you never updated your disclosures?   If you do represent Mr. Bugallo, please confirm he intends to attend his deposition on January 13.

    We look forward to seeing you tomorrow via Zoom for Mr. Fox's deposition.  You should be receiving the Zoom link shortly if you have not already.

Regards,

David

6



**David Stahl**
**Member | Cozen O'Connor**
Southeast Financial Center 200 South Biscayne Blvd, Suite 3000 **|** Miami, FL 33131
P: 305-397-0807 F: 305-720-2248
Email | Bio | Map | cozen.com

**From:** Joseph Sacher <jsacher@grsm.com>
**Sent:** Wednesday, January 5, 2022 7:41 PM
**To:** Stahl, David <dstahl@cozen.com>; Adam Ruff <aruff@grsm.com>; Marie Kim <mkim@grsm.com>
**Cc:** Gale, James <jgale@cozen.com>; Sanabria, Suzanna <ssanabria@cozen.com>; Mendoza, Jennifer <jmendoza@cozen.com>; Lewis, Samuel <slewis@cozen.com>; Gale, Jonathan <jegale@cozen.com>
**Subject:** RE: RE: MOTDGD ltd v PLAYWIRE LLC - 20-CV-60199-Dimitrouleas/Snow - Request for Deposition Dates

**\*\*EXTERNAL SENDER\*\***

Hi David,

We never received a substantive response to our emails below regarding the coordination of deposition scheduling, so we are following-up again.

Fist, Jared Fox, who is no longer a Playwire employee and who had to coordinate timing with his current employer, is only available on 1/12.  Hopefully that works for you.  Do you have any idea how long you may go, so that he can arrange appropriate coverage at work, etc.

Second, when we previously spoke, we discussed how certain requested deponents will also likely be appearing as corporate representatives.  With the limited time left it makes the most sense to have the witnesses appear in both their individual and corporate capacities, to avoid the need to schedule extra days of depositions.  We previously sent you a list of corporate representative topics for MOTDgd and presume that both Wall and Lewis will be appearing as corporate representatives, but please confirm that, or if a third person will be appearing for deposition for MOTDgd, so that we can properly schedule.

With that in mind, we propose the following dates for depositions:

1/12 – Jared Fox
1/17 – Nick Brancaster/Playwire (appearing in both individual and corporate capacities)
1/18 – Paul Lewis/MOTDgd (assuming he is appearing in both individual and corporate capacities)
1/19 – Patrick Wall/MOTDgd (assuming he is appearing in both individual and corporate capacities)
1/20 – Jayson Dubin/Playwire (appearing in both individual and corporate capacities)

Also, the depositions will need to be by Zoom.

Please let us know if that works for you as soon as you can.  Thanks.

Best, Joe

**JOSEPH A. SACHER** | Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**

Visit our COVID-19 HUB

Miami Tower
100 SE Second Street, Suite 3900
Miami, FL 33131
D: 305-428-5339 | jsacher@grsm.com

www.grsm.com

**From:** Joseph Sacher
**Sent:** Friday, December 24, 2021 12:04 PM
**To:** Stahl, David <dstahl@cozen.com>; Adam Ruff <aruff@grsm.com>; Marie Kim <mkim@grsm.com>
**Cc:** Gale, James <jgale@cozen.com>; Sanabria, Suzanna <ssanabria@cozen.com>; Mendoza, Jennifer <jmendoza@cozen.com>; Lewis, Samuel <slewis@cozen.com>; Gale, Jonathan <jegale@cozen.com>
**Subject:** RE: RE: MOTDGD ltd v PLAYWIRE LLC - 20-CV-60199-Dimitrouleas/Snow - Request for Deposition Dates

Hi David,

Following-up on this email as well, Plaintiff and its representatives cannot simply wait until the last three days to be deposed, particularly when you previously suggested deposition dates be completed by 1/18/21.  Again, as mentioned in my earlier emails, all of these dates need to be coordinated, based on our schedules in other matters, witness availability, etc.  I am happy to discuss with you next week, as previously mentioned.  Please let us know when you are available to discuss.  Thanks.

Happy Holidays,
Joe

**JOSEPH A. SACHER** | Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**

Visit our COVID-19 HUB

Miami Tower
100 SE Second Street, Suite 3900
Miami, FL 33131
D: 305-428-5339 | jsacher@grsm.com

www.grsm.com

**From:** Stahl, David <dstahl@cozen.com>
**Sent:** Tuesday, December 21, 2021 10:46 PM
**To:** Joseph Sacher <jsacher@grsm.com>; Adam Ruff <aruff@grsm.com>; Marie Kim <mkim@grsm.com>
**Cc:** Gale, James <jgale@cozen.com>; Sanabria, Suzanna <ssanabria@cozen.com>; Mendoza, Jennifer <jmendoza@cozen.com>; Lewis, Samuel <slewis@cozen.com>; Gale, Jonathan <jegale@cozen.com>
**Subject:** RE: RE: MOTDGD ltd v PLAYWIRE LLC - 20-CV-60199-Dimitrouleas/Snow - Request for Deposition Dates

Hi Joe,

Patrick Wall, Paul Lewis, and Plaintiffs' 30(b)(6) designee(s) can be available for depositions on January 18, 19, and 20.  Since the only other available date that all counsel have indicated availability prior to the January 20 deadline is January 7, 2022, we have noticed the deposition of non-party Jared Fox for that date.

Regards,

David



**David Stahl**
**Member | Cozen O'Connor**
Southeast Financial Center 200 South Biscayne Blvd, Suite 3000 **|** Miami, FL 33131
P: 305-397-0807 F: 305-720-2248
Email | Bio | Map | cozen.com

---

**From:** Joseph Sacher <jsacher@grsm.com>
**Sent:** Monday, December 20, 2021 9:05 AM
**To:** Stahl, David <dstahl@cozen.com>; Adam Ruff <aruff@grsm.com>; Marie Kim <mkim@grsm.com>
**Cc:** Gale, James <jgale@cozen.com>; Sanabria, Suzanna <ssanabria@cozen.com>; Mendoza, Jennifer <jmendoza@cozen.com>; Lewis, Samuel <slewis@cozen.com>; Gale, Jonathan <jegale@cozen.com>
**Subject:** RE: RE: MOTDGD ltd v PLAYWIRE LLC - 20-CV-60199-Dimitrouleas/Snow - Request for Deposition Dates

**\*\*EXTERNAL SENDER\*\***

Hi David,

First, thank you for forwarding the draft.  Although I am sympathetic to the current timing situation, I was not in a position to agree on behalf of our client when we spoke last week.  Following receipt of your motion, we discussed the request and the Court's current timetables with our client.  Playwire does not agree to the requested extension.

Second, since we did not get clear confirmation ahead of time that MOTDgd would be producing its documents on Friday, and based on my unavoidable travel plans on Friday, we were not able to coordinate a last-minute reciprocal production.  However, Playwire's production is being made to you this morning.  It is not 80,000 documents as you suggest due to the extensive work performed by FTI to reduce that number to a far

9

lower number.  That took time and money, as I'm sure you have experienced in other matters.  There is no basis to imply a need for a motion to compel Playwire's documents.

Further, your email suggests that we have never produced Playwire's policy to you, but that is completely misplaced.  To the contrary, the policy was produced to James Gale and Samuel Lewis in May of 2020, bearing Bates Stamp numbers PW 000001 to PW 0000047.

Third, Marie will circulate an updated proposed motion and related protective order for your review and approval.

Last, the dates that you chose for Playwire depositions, unilaterally, were not coordinated or confirmed with us, so we will need to get back to you on those.  I have unrelated scheduling issues that need to be coordinated and will get back to you later this week to try to hammer out dates for all depos, of both sides' witnesses, which I would like us to have worked out by next week.  Thank you.

I continue to be on my vacation in a hotel room with my family in NYC, but I am doing my best to provide timely responses to you and your team.  I will not be in front of a computer again until tomorrow.

Happy Holidays,
Joe

---

**JOSEPH A. SACHER**  |  Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**

Visit our COVID-19 HUB

Miami Tower
100 SE Second Street, Suite 3900
Miami, FL 33131
D: 305-428-5339  |  jsacher@grsm.com

www.grsm.com

---

From: Stahl, David <dstahl@cozen.com>
Sent: Friday, December 17, 2021 5:17 PM
To: Joseph Sacher <jsacher@grsm.com>; Adam Ruff <aruff@grsm.com>; Marie Kim <mkim@grsm.com>
Cc: Gale, James <jgale@cozen.com>; Sanabria, Suzanna <ssanabria@cozen.com>; Mendoza, Jennifer <jmendoza@cozen.com>; Lewis, Samuel <slewis@cozen.com>; Gale, Jonathan <jegale@cozen.com>
Subject: RE: RE: MOTDGD ltd v PLAYWIRE LLC - 20-CV-60199-Dimitrouleas/Snow - Request for Deposition Dates

Joe,

10

Attached is the draft of the Joint Motion.  As you will see, it is simple, straightforward and not complicated.  As such, I am not sure as to why you would need to see the Motion before discussing the requested 30-day extension with your client.  We discussed this 30-day extension of the discovery cutoff/this Joint Motion during our lengthy meet and confer on December 8, 2021, and it appeared that you agreed with this extension of time, particularly if there was any further delay of document production.

Will you be producing today any of the 80,000 documents you referenced during our meet and confer?  It has now taken more than 4 months for your clients to produce any documents, and you have yet to produce anything, including even the documents Playwire represented in its Counterclaim that Playwire would "produce[] in discovery", the insurance policy at issue, and the documents Playwire identified in its initial disclosures.  For more than 2 months you have represented to us that your client's document production was being delayed because of involvement with a third-party vendor (FTI).  Up until now, we have accepted that you have been candid in your representations to us, including during our lengthy telephone conference on December 8.

Please let us know **by 12pm Monday** whether you agree to the Joint Motion, as well as confirm the precise day when you will be producing the purported 80,000 documents.  If not, then we will be forced to file either our own Motion for Extension and/or a Motion to Compel documents.

Lastly, regarding your draft "Joint Motion for Entry of Protective Order", we are fine with the motion, but **NOT** with the exhibit/proposed order.  Please circulate a version of the Motion with the proposed order that the parties have negotiated (we are fine with change the 3 days to 5 days for disclosing information to experts).

Regards,

David



**David Stahl**
**Member | Cozen O'Connor**
Southeast Financial Center 200 South Biscayne Blvd, Suite 3000 | Miami, FL 3313
P: 305-397-0807 F: 305-720-2248
Email | Bio | Map | cozen.com

---

**From:** Joseph Sacher <jsacher@grsm.com>
**Sent:** Friday, December 17, 2021 7:00 AM
**To:** Stahl, David <dstahl@cozen.com>; Adam Ruff <aruff@grsm.com>; Marie Kim <mkim@grsm.com>
**Cc:** Gale, James <jgale@cozen.com>; Sanabria, Suzanna <ssanabria@cozen.com>; Mendoza, Jennifer <jmendoza@cozen.com>; Lewis, Samuel <slewis@cozen.com>; Gale, Jonathan <jegale@cozen.com>
**Subject:** RE: RE: MOTDGD ltd v PLAYWIRE LLC - 20-CV-60199-Dimitrouleas/Snow - Request for Deposition Dates

**\*\*EXTERNAL SENDER\*\***

11

David,

I was tied-up yesterday until late finishing a 40 page detailed order with findings of fact and conclusions of law, due today for my recent bench trial and not in a position to respond until now – and I am about to leave for the airport and will be traveling today.

To clarify, I am not unavailable this month; rather, I will be back on 12/23 (I think our office closes at noon) and the week of 12/27 until the NYE shutdown (but my clients are not available for deposition).

We will need to see your proposed motion and discuss with client before we can agree, so please send your draft and we will get back to you on Monday, if not before.

The proposal on confidential treatment makes sense to me. Did you review the draft motion? Any comments? Let us know.

Also, do you plan to produce MOTDgd's docs today, or next week? Please advise.

Have to run. Thanks.

Happy Holidays,
Joe

**JOSEPH A. SACHER** | Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**

Visit our COVID-19 HUB

Miami Tower
100 SE Second Street, Suite 3900
Miami, FL 33131
D: 305-428-5339 | jsacher@grsm.com

www.grsm.com

**From:** Stahl, David <dstahl@cozen.com>
**Sent:** Thursday, December 16, 2021 7:15 PM
**To:** Joseph Sacher <jsacher@grsm.com>; Adam Ruff <aruff@grsm.com>; Marie Kim <mkim@grsm.com>
**Cc:** Gale, James <jgale@cozen.com>; Sanabria, Suzanna <ssanabria@cozen.com>; Mendoza, Jennifer <jmendoza@cozen.com>; Lewis, Samuel <slewis@cozen.com>; Gale, Jonathan <jegale@cozen.com>
**Subject:** RE: RE: MOTDGD ltd v PLAYWIRE LLC - 20-CV-60199-Dimitrouleas/Snow - Request for Deposition Dates

Joe,

12

 Given your unavailability for the rest of this month and the dates that you have conflicts in January, we suggest that the parties jointly move to extend the discovery cut-off by 30 days (until February 20, 2022).  If you are agreeable, please confirm that Marie will be able to sign a joint motion that we can try to get on file tomorrow.  If you are not agreeable to moving jointly for this extension, we expect that your witnesses will appear on January 10, 11, 12 and 13.  We have a conflict on January 6, but can make one of our witnesses available on January 7, 19, and 20.

 With regard to document production, please confirm that you will agree to treat all production as attorney's eyes only until the Court enters the parties stipulated protective order.  We will agree to the same.  The one exception, of course, will be communications between the parties.

Regards,

David



**David Stahl**
**Member | Cozen O'Connor**
Southeast Financial Center 200 South Biscayne Blvd, Suite 3000 | Miami, FL 33131
P: 305-397-0807 F: 305-720-2248
Email | Bio | Map | cozen.com

---

**From:** Stahl, David
**Sent:** Thursday, December 16, 2021 4:17 PM
**To:** 'Joseph Sacher' <jsacher@grsm.com>; Adam Ruff <aruff@grsm.com>; Marie Kim <mkim@grsm.com>
**Cc:** Gale, James <jgale@cozen.com>; Sanabria, Suzanna <ssanabria@cozen.com>; Mendoza, Jennifer <jmendoza@cozen.com>; Lewis, Samuel <slewis@cozen.com>; Gale, Jonathan <jegale@cozen.com>
**Subject:** RE: RE: MOTDGD ltd v PLAYWIRE LLC - 20-CV-60199-Dimitrouleas/Snow - Request for Deposition Dates

Joe,

 I left you a voicemail earlier today.  I would really like to talk via telephone today as my understanding from your email yesterday evening is that you are going to be out of the office starting today.

Thank you,

David



**David Stahl**
**Member | Cozen O'Connor**
Southeast Financial Center 200 South Biscayne Blvd, Suite 3000 | Miami, FL 33131
P: 305-397-0807 F: 305-720-2248
Email | Bio | Map | cozen.com

From: Joseph Sacher <jsacher@grsm.com>
Sent: Wednesday, December 15, 2021 5:11 PM
To: Stahl, David <dstahl@cozen.com>; Adam Ruff <aruff@grsm.com>; Marie Kim <mkim@grsm.com>
Cc: Gale, James <jgale@cozen.com>; Sanabria, Suzanna <ssanabria@cozen.com>; Mendoza, Jennifer <jmendoza@cozen.com>; Lewis, Samuel <slewis@cozen.com>; Gale, Jonathan <jegale@cozen.com>
Subject: RE: RE: MOTDGD ltd v PLAYWIRE LLC - 20-CV-60199-Dimitrouleas/Snow - Request for Deposition Dates

**\*\*EXTERNAL SENDER\*\***

David,

We are in the process of reviewing your corporate deposition topics with our client team and determine who will be appearing as the corporate witness(es), which may impact related scheduling.  As we discussed during our last call, it may be that the depositions are minimized and certain people are only deposed once, in both a corporate representative and individual capacity.

Please be advised that Playwire intends to take the following depositions of your folks:
- MOTDgd 30(b)(6) witness(es)
- Paul Lewis
- Patrick Wall

A draft Rule 30(b)(6) notice is attached with topics.  While our list is long that is because many of the topics tie directly to specific allegations in the Complaint, for clarity.

We obviously need to be finished with document discovery prior to the depositions.  We are led to believe by FTI that we will be in a position to produce most, if not all documents this Friday.  Please advise if you are also in a position to do the same, or if you need more time on your end.

As far as deposition scheduling, we are dealing with a number of obstacles, including holiday vacation schedules, holiday closures, and our client's related business commitments and scheduled programs.  It looks like all of the depositions will need to be between January 10 and 20 (and I have conflicts on Friday 1/14 and 1/18 during that time).  That said, if your folks are available for deposition on 1/6 or 1/7, please let me know, and please let us know their availability for deposition between 1/6 and 1/20, other than 1/14 or 1/18.

Relatedly, we think it best to stick with the proposed protective order previously circulated with you at his point, rather than wasting time with a new version (but thank you for sharing).  Your suggested edits are fine, except that we suggest a middle ground on dates.  We are okay with most of your suggested changes to our draft, but propose that in 10(d) we change the waiting period for disclosing confidential information to experts from 10 days to 5 days rather than the 3 days you propose to give the parties a couple extra days. Also attached is the draft joint motion for entry of protective order. Let us know if you have any

requested changes on the joint motion (subject to revision of the order, as well).

Please get back to us when you can about the above, any other items on your end, and the separate communications on Monday. In that regard, please be aware that I am going to be on holiday vacation from Friday 1/17 through 1/22, with office closures shortly thereafter, so my ability to respond or convey communications may be impacted during that time.

Thank you.
Joe

---

**JOSEPH A. SACHER** | Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**

Visit our COVID-19 HUB

Miami Tower
100 SE Second Street, Suite 3900
Miami, FL 33131
D: 305-428-5339 | jsacher@grsm.com

www.grsm.com

---

**From:** Stahl, David <dstahl@cozen.com>
**Sent:** Tuesday, December 14, 2021 9:55 AM
**To:** Joseph Sacher <jsacher@grsm.com>; Adam Ruff <aruff@grsm.com>; Marie Kim <mkim@grsm.com>
**Cc:** Gale, James <jgale@cozen.com>; Sanabria, Suzanna <ssanabria@cozen.com>; Mendoza, Jennifer <jmendoza@cozen.com>; Lewis, Samuel <slewis@cozen.com>; Gale, Jonathan <jegale@cozen.com>
**Subject:** RE: RE: MOTDGD ltd v PLAYWIRE LLC - 20-CV-60199-Dimitrouleas/Snow - Request for Deposition Dates

Joe and Kim,

    Attached is a list of the topics that we anticipate including in the notice for the Rule 30(b)(6) deposition of Playwire's designee(s).   We are sending this list now as part of our request for deposition dates for the Rule 30(b)(6) deposition and dates for the depositions of the three individuals identified in my earlier email (Jayson Dubin, Nick Branstator, Bryan Bugallo).

Regards,

David


**David Stahl**
**Member | Cozen O'Connor**
Southeast Financial Center 200 South Biscayne Blvd, Suite 3000 | Miami, FL 33131

15

P: 305-397-0807 F: 305-720-2248
Email | Bio | Map | cozen.com

**From:** Stahl, David
**Sent:** Friday, December 10, 2021 4:48 PM
**To:** Joseph Sacher <jsacher@grsm.com>; Adam Ruff <aruff@grsm.com>; Marie Kim <mkim@grsm.com>
**Cc:** Gale, James <jgale@cozen.com>; Sanabria, Suzanna <ssanabria@cozen.com>; Mendoza, Jennifer <jmendoza@cozen.com>; Lewis, Samuel <slewis@cozen.com>; Gale, Jonathan <jegale@cozen.com>
**Subject:** RE: MOTDGD ltd v PLAYWIRE LLC - 20-CV-60199-Dimitrouleas/Snow - Request for Deposition Dates

Joe and Kim,

   Thank you for what we believe was a productive meeting on Wednesday.  Based on the tone of the conference, our understanding is that we will work together to ensure the parties can obtain the discovery they need prior to the January 20, 2022 deadline, and that the parties will jointly seek to extend the time to complete discovery if it does not appear we will be able to meet that deadline.

   The first thing that we need to do is try to agree on dates for depositions.  During the conference, I told you that Plaintiff will be seeking to take 2-3 individual depositions and a 30(b)(6) deposition of Playwire.   The three individuals that we definitely intend to depose, in addition to the 30(b)(6) representative are:

   Jayson Dubin
   Nick Branstator
   Bryan Bugallo

Please let us know by December 14, 2021, dates between December 27, 2021 and January 14, 2022 on which each of these witnesses is available for deposition.  We also request that you let us know dates of availability for the deposition of Playwire's 30(b)(6) representative(s) such that the deposition can be completed prior to January 14, 2022.  As discussed during our call, we intend to provide you with the topics for the corporate rep deposition prior to December 14 to assist you in identifying the appropriate representatives.

   For your convenience, I have also attached a copy of the model protective order from the Northern District of California that we discussed.  I have marked up the order to be appropriate for this action.  If we were to ask the Court to enter this order rather than a version of the one that the parties have been circulating, we will need to change some of the local rule references.

Thank you,

David

 **David Stahl**
**Member | Cozen O'Connor**
Southeast Financial Center 200 South Biscayne Blvd, Suite 3000 **|** Miami, FL 33131
P: 305-397-0807 F: 305-720-2248
Email | Bio | Map | cozen.com

***Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.***

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**

**YOUR 50 STATE PARTNER®**

**http://www.grsm.com**

***Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.***

***Notice:*** *This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

***Notice:*** *This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

***Notice:*** *This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

***Notice:*** *This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*