# COMPOSITE EXHIBIT D

# Marie Kim

| | |
|---|---|
| **From:** | Stahl, David <dstahl@cozen.com> |
| **Sent:** | Friday, January 7, 2022 10:21 AM |
| **To:** | Joseph Sacher; Adam Ruff; Marie Kim |
| **Cc:** | Gale, James; Sanabria, Suzanna; Mendoza, Jennifer; Lewis, Samuel; Gale, Jonathan |
| **Subject:** | RE: RE: MOTDGD ltd v PLAYWIRE LLC - 20-CV-60199-Dimitrouleas/Snow - Request for Deposition Dates |

Joe,

Your bad faith gamesmanship and intentional delays are unacceptable. We attempted to work through the scheduling and coordinating of depositions starting on December 1st. We subsequently had our meet and confer on December 8th, at which time we agreed that we would coordinate deposition dates the following week. We also agreed that in light of the holidays and the looming discovery deadline, the Parties would jointly seek an extension of that deadline to ensure that both sides would be able to take the depositions we desired. On December 10th I sent you an email confirming this and requested dates of availability for 4 of your witnesses. We never received a response to that email.

I subsequently emailed you a list of deposition topics on December 14th and once again requested dates for the deposition of your witnesses, which you refused to provide. On December 15th, after receiving no response, we needed to preserve our client's rights and I served you with Notices of Deposition for 4 of your witnesses. However, I included a note within that service email stating "Plaintiff is willing to discuss modifying the times and dates for these depositions provided that the depositions can be completed prior to January 18, 202[2], or the Court extends the time to complete fact discovery."

You immediately responded thereafter stating that you were "dealing with a number of obstacles" such as the holiday season and your vacation schedule. You further stated that it "look[ed] like all of the depositions will need to be between January 10 and 20" and that you were unavailable on January 14 and 18, but once again refused to provide any specific dates of availability for your witnesses. The next morning, I called and left you voicemail and after receiving no call back from you all day, I emailed you later that day and suggested that in light of your unavailability, the Parties move for a 30-day extension of time for the discovery cut-off we previously agreed upon. I further stated that if you were not agreeable to such an extension, we would depose your witnesses on January 10, 11, 12, and 13. We chose those dates as a courtesy to you given your previous comments about your unavailability on January 14 and 18, and re-noticed two of our depositions accordingly. On December 20, 2021, you subsequently stated that while you were "sympathetic to the current timing situation" you rejected our request to jointly move to extend the discovery deadline (after asking us to put together a Joint Motion, which we did). In your December 20 email, you did not propose any alternate dates for the depositions of your clients at all, let alone dates that were as close in time as reasonable available to our proposed dates. In fact, the first time that you proposed dates for the depositions of your clients was on January, 5, 2022—three weeks after we noticed the depositions, and more than a month after we started first requesting deposition dates from you. Your counter suggestion was unreasonable, did not include dates that were as close in time as reasonably available, and was clearly proposed in bad faith.

Plaintiff has complied with the Rules, including L.R. 26.1(h), and provided reasonable notice for taking the 4 depositions of Playwire's witnesses set on January 10, 11, 12 and 13. As such, we expect that your client will comply with its obligations under the Federal and Local Rules and will produce its witnesses for deposition on those dates. In its December 21, 2021 Order, the Court warned that it was not advisable to seek to complete discovery without court intervention when Playwire is refusing to cooperate during discovery. Thus, in accordance with that Order, we are taking all steps necessary to be able to timely seek court intervention should Playwire continue with its obstructionist tactics.

As Mr. Fox did not appear for his deposition this morning, we intend to try to reschedule his deposition for either January 18 or 19, now that you have acknowledged your availability on those dates.  As Playwire has not complied with the Local Rules regarding the depositions you are proposing be taken on January 18 and 19, the dates for those depositions should no longer be at issue.  We are happy to discuss possible ways for Playwire to comply with the Rules if it still desires to depose those witnesses.

We look forward to seeing you and Mr. Branstator via Zoom for his deposition at 9am this upcoming Monday, January 10, 2022.

Regards,

David



**David Stahl**
**Member | Cozen O'Connor**
Southeast Financial Center 200 South Biscayne Blvd, Suite 3000 | Miami, FL 33131
P: 305-397-0807 F: 305-720-2248
Email | Bio | Map | cozen.com

---

**From:** Joseph Sacher <jsacher@grsm.com>
**Sent:** Thursday, January 6, 2022 5:27 PM
**To:** Stahl, David <dstahl@cozen.com>; Adam Ruff <aruff@grsm.com>; Marie Kim <mkim@grsm.com>
**Cc:** Gale, James <jgale@cozen.com>; Sanabria, Suzanna <ssanabria@cozen.com>; Mendoza, Jennifer <jmendoza@cozen.com>; Lewis, Samuel <slewis@cozen.com>; Gale, Jonathan <jegale@cozen.com>
**Subject:** RE: RE: MOTDGD ltd v PLAYWIRE LLC - 20-CV-60199-Dimitrouleas/Snow - Request for Deposition Dates

**\*\*EXTERNAL SENDER\*\***

Hi David,

We appreciate that you are frustrated with the Court's denial of MOTDgd's unilateral motion for extension, but that is no reason to be uncooperative in scheduling depositions with us.

The record is clear that you did not confer with us about these specific dates and witnesses.  To the contrary, we reached out on 12/15 to discuss coordinating of deposition dates with you and your team.  At that time, we specifically advised you that we had conflicts on 1/14 and 1/18 and asked you about your client's availability for deposition on 1/6 or 1/7.  We also wrote to you on 12/20 and immediately advised you that the dates you unilaterally noticed for depositions were not coordinated or confirmed with us and that we would need to discuss those dates and hammer out workable dates with you, asking to do so by New Year.

It was not until 12/21 that you advised us that your clients were only available on the last three days of discovery, 1/18 through 1/20, despite my prior discussion about unavailability, and you did not engage in any other discussions about scheduling the depositions in this matter.

After not receiving a substantive response to our repeated inquiries, we again wrote to you on 12/24 stating that we received various notices, but that we had previously advised you that we needed to discuss and coordinate the deposition dates based upon conflicts due to our schedules in other matters, as well as witness availability, etc.  Again, we advised you that we would be happy to discuss with you the following week, as previously mentioned, and asked for your availability – doing so in two separate emails.

**Marie Kim**

| | |
|---|---|
| **From:** | Stahl, David <dstahl@cozen.com> |
| **Sent:** | Friday, January 7, 2022 7:24 PM |
| **To:** | Joseph Sacher; Adam Ruff; Marie Kim |
| **Cc:** | Gale, James; Sanabria, Suzanna; Mendoza, Jennifer; Lewis, Samuel; Gale, Jonathan |
| **Subject:** | RE: RE: MOTDGD ltd v PLAYWIRE LLC - 20-CV-60199-Dimitrouleas/Snow - Request for Deposition Dates |

Joe,

  Simply repeating the same "schedule" (three times, no less) that we have already told you is unacceptable is hardly being "cooperative," much less living up to the standard that you're seeking to impose on us.  The depositions scheduled for next week were properly noticed, and we fully complied with our obligations under the Local and Federal Rules in the course of noticing same.  As such, unless you either obtain an order from the Court prior to the depositions as noticed, *see Kelly v. Old Dominion Freight Line, Inc.*, 376 Fed. Appx. 909, 915 (11th Cir. 2010) ("Case law confirms that the filing of a motion for a protective order does not shield a party from his duty to appear for his deposition."), or provide us with a mutually-acceptable alternative schedule that ensures that the depositions we have noticed can be completed with sufficient time to seek judicial relief if needed, we fully expect your witnesses will appear as noticed (and in the case of the 30(b)(6) representatives, we expect the witnesses will be properly prepared).

  A few points of clarification.  We first noticed depositions on December 15 after two weeks of trying to coordinate depositions with you.  We originally noticed the depositions for January 11, 12, 14, and 18.  You responded that same day indicating that your witnesses were only available between January 10 and 20, and that you personally had conflicts on January 14 and 18.  January 17, as you know, is a federal holiday observed by the Court.  On December 16, 2021, given your representations of conflicts, we suggested that the parties jointly seek to extend the discovery cutoff, and told you that we expected your witnesses to appear for depositions on January 10, 11, 12, and 13 (all dates that you claimed you and your witnesses were available) if you were not agreeable to extending the discovery cutoff.  Playwire opposed any extension to the discovery cutoff.

It was not until January 5, 2022, more than a month after we started requesting dates, and three weeks after we served you with deposition notices, that you at long last proposed alternative dates for your witnesses' depositions.  Likewise, it was not until January 6 at 5:27pm that you first claimed to have a conflict on any of the noticed dates (and with regard to conflicts, on December 15, you specifically told us that you had a conflict on January 18, and yet, now you claim to be available on that date to take a deposition; please forgive us if we view any claims of "conflicts" with skepticism).  If you or any of the witnesses had any real conflicts on the noticed dates, you could have told us of those issues weeks ago, but never did.

In your email, you also falsely claim that we did not provide dates of availability for the depositions of our witnesses.  That is a lie.  You first requested dates on December 15, 2021 at 5:11pm.  I responded to your email on December 16, informing you that our witnesses were available on January 7, 19, and 20 (at the time, the witnesses were also available on January 14 and 18, but you claimed to have conflicts on those dates).  You did not accept any of those proposed dates.  After the Court denied our motion to extend the discovery cutoff, we noticed the deposition of Jared Fox for January 7, as you had not indicated any intention to take a deposition of our clients on that date, and as it was the only available date prior to the discovery cutoff that you claimed to be available.  I sent you an email on the evening of December 21, informing you that my clients' witnesses were still available for deposition on January 18, 19, and 20.  You apparently ignored that message, too, and did not serve any notices for our clients' depositions.  ==It is now too late for you to do so under the Local Rules.   Regardless, if Playwire cooperates in discovery such that we are able to obtain the discovery we are entitled to prior to January 14, and without the need for any court intervention, our client will agree to present witnesses for depositions sometime after January 20.==

Regards,

David



**David Stahl**
**Member | Cozen O'Connor**
Southeast Financial Center 200 South Biscayne Blvd, Suite 3000 | Miami, FL 33131
P: 305-397-0807 F: 305-720-2248
Email | Bio | Map | cozen.com

---

**From:** Joseph Sacher <jsacher@grsm.com>
**Sent:** Friday, January 7, 2022 4:35 PM
**To:** Stahl, David <dstahl@cozen.com>; Adam Ruff <aruff@grsm.com>; Marie Kim <mkim@grsm.com>
**Cc:** Gale, James <jgale@cozen.com>; Sanabria, Suzanna <ssanabria@cozen.com>; Mendoza, Jennifer <jmendoza@cozen.com>; Lewis, Samuel <slewis@cozen.com>; Gale, Jonathan <jegale@cozen.com>
**Subject:** RE: RE: MOTDGD ltd v PLAYWIRE LLC - 20-CV-60199-Dimitrouleas/Snow - Request for Deposition Dates

**\*\*EXTERNAL SENDER\*\***

David,

Consistent with the Court's last order directing the parties to work out amongst themselves any discovery disputes, Playwire has been repeatedly attempting to coordinate deposition dates with you, so that the depositions can take place by the current discovery deadline. The schedule we proposed does just that. To reiterate, the Court's 12/21/2021 order stated:

> Plaintiff requests an extension of time to complete discovery based on Defendant's *alleged* refusal to cooperate during discovery. While it is admirable that Plaintiff attempted to complete discovery without court intervention, it was not advisable to do so if the only way to attempt to accomplish that was to seek extension of the Court's scheduling order deadline, *rather than timely seeking court intervention in the discovery process*. Accordingly, the Court does not find good cause to grant an extension of the deadline. . . . Counsel may agree among themselves to conduct discovery beyond the discovery deadline *but should not expect the Court to resolve any disputes that arise after the Court's established deadline*.

Order [D.E. 62] (emphasis added). Just as the record demonstrates here, by pointing out that your prior motion was based on "Defendant's *alleged* refusal to cooperate," the Court found that the record failed to support your argument that Playwire refused to cooperate in connection with document discovery. We point this out because your last email seriously misconstrued the Court's Order, which required clarification.

Notably, the Court advised the parties in this Order that the time has passed to seek assistance from the Court regarding discovery disputes and directed us to work out our differences. *See also Chappel v. Boss Rain Forest Pet Resort, Inc.*, No. 16-62779-CIV-SNOW, 2017 WL 10845129, at *1-2 (S.D. Fla. Oct. 17, 2017) ("S.D. Local Rule 26.1(i) . . . was designed to prompt early resolution of discovery disputes and to ensure that discovery motions are filed when ripe and not held until shortly before the close [of] discovery or the eve of trial. . . . *Plaintiff . . . did not file his motion to compel until the close of discovery* . . . . Being fully advised, it is hereby ORDERED AND ADJUDGED that Plaintiff's Motion to Compel . . . is DENIED.") (internal quotation marks and citations omitted; emphasis added); *Woods v. DeAngelo Marine Exhaust Inc.*, No. 08-81579-CIV-HURLEY/HOPKINS, 2010 WL 11504407, at *2 (S.D. Fla. Feb. 4, 2010) ("*Plaintiff merely rehashes the factual circumstances surrounding the late filing of its motion to compel. . . . barely four (4) weeks away from the discovery cut off* . . . . This Court is unable to find that manifest injustice has occurred where the party seeking