# EXHIBIT F

**Marie Kim**

| | |
|---|---|
| **From:** | Joseph Sacher |
| **Sent:** | Monday, January 10, 2022 6:53 PM |
| **To:** | Stahl, David; Marie Kim |
| **Cc:** | Lewis, Samuel; Gale, Jonathan; Gale, James; Sanabria, Suzanna; Mendoza, Jennifer; Adam Ruff |
| **Subject:** | RE: MOTDgd v Playwire -- Meet and Confer Regarding Motions Relating to Branstator's and fox's Failure to Appear for Their Depositions |

Counsel,

I just finished my half day evidentiary hearing and am we are now finally in a position to respond to your various emails.

Jim, I receive your earlier email ("Joe, I don't Really care that you do not have enough time to devote to this matter. Please have another attorney cover for you."). This is not at all helpful, professional, or civil. This may be how you speak to attorneys at your own law firm, but would not be considered acceptable under the Court's standards. *See Johnson L. Grp. v. Elimadebt USA, LLC.*, No. 09-81331-CIV-MARRA/JOHNSON, 2010 WL 11558230, at *2 (S.D. Fla. Oct. 28, 2010) ("[C]ounsel and parties alike should at all times conduct themselves in a responsible and professional manner and participate in the discovery process with a spirit of cooperation and civility.").

David, as we explained in detail in our earlier email last week (with supporting caselaw and direct quote from Judge Dimitrouleas's latest order), it is too late to seek relief from the court regarding our discovery disputes and the court's message was clear that the parties have to work out our differences. Your desire to file more motions based on your own inactions and tactical choices is a waste of time. In particularly, your email asks for alternative dates, which is something we have been giving you for weeks. This is not a "MOTDgd's way or the highway" proposition – there are multiple attorneys and witnesses who have to be coordinated. Nevertheless, if you insist on moving forward with the Motions, we will make ourselves available for a call this evening, at 7:00 pm.

But make no mistake, the record is resoundingly clear. We repeatedly requested from you information needed to finalize our deposition notices and related deposition scheduling, which we never received from you. Further, please note that if you insist on taking the position that our notices are not timely under L.R. 26.1(h), based on a hyper-technicality, rather than our repeated substantive efforts to engage in meaningful communications and mutual workable scheduling, then you should know that we are also technically entitled to object to your deposition notices to Playwire and others, because they failed to comply with Fed. R. Civ. P. 5(b)(2)(F) and were thereby defective because we never consented to receiving the notices electronically. *See Moschella v. Triple S Plumbing, Inc.*, No. 3:14-CV-1032-J-39JBT, 2015 WL 13802814, at *1–2(M.D. Fla. July 27, 2015) ("Both the request for production of documents and the **notice of deposition at issue in the Motion were served on Plaintiff's attorney only by email.** (Doc. 38 at 2–3.) However, service of these discovery documents by email was not effective. **Federal Rule of Civil Procedure 5(b)(2)([F]) states that service of papers may be made 'by electronic means if the person consented in writing.'** No such consent has been provided to the Court except as noted below. Defendant contends that 'the history of regular use and acceptance of service by electronic means between the parties constitutes written consent for electronic service of documents.' (Doc. 41 at 1–2.) Defendant attaches email correspondence between the parties showing that both sides have used email to serve discovery requests and confer about motions in this case. (Id. at 7–10.) However, Defendant fails to cite any legal authority to support the argument that this constitutes 'written consent.' . . . Thus, it appears that there is no basis for Defendant to claim that Plaintiff consented in writing to electronic service of documents other than those filed with the Court, and **the request for production and notice of deposition were not properly served. . . . Parties who serve discovery documents only by email without written consent** *do so at their own risk*.").

Again, we would prefer not to assert the foregoing positions and remain steadfast in trying to work out a schedule that works for both sides, as we have been trying to do since before the holidays, rather than burdening the court with unnecessary motion practice that the court cautioned the parties against filing in its latest order.

We again propose the following workable dates using the remaining days left in discovery. You have never responded to our prior, repeated attempts with any alternative dates, at any time.  Nevertheless, to the extent that these dates do not work for your side, please actually respond and suggest alternative dates:

Either 1/11/22 or 1/17/22 – Nick Branstator/Playwire
1/12/22 – Jared Fox
1/13/22 – Bryan Bugallo
1/18/22 – Paul Lewis/MOTDgd
1/19/22 – Patrick Wall/MOTDgd
1/20/22 – Jayson Dubin/Playwire

Your offer "to present witnesses for depositions sometime after January 20" fails to provide any concrete alternative dates and does not constitute a good faith effort to cooperate in getting these deposition dates set.  Also, please confirm that Paul Lewis and Patrick Wall will appear in both their individual and corporate representative capacities – something that we have repeatedly requested of you for weeks, but that you refuse to answer, without justification.

Lastly, please note that if you continue to take the position you took last week, and do not agree to make Paul Lewis/MOTDgd and Patrick Wall/MOTDgd available for deposition at a mutually agreeable date, there will be ramifications.

We look forward to your anticipated cooperation.  Thank you.

Best, Joe


**JOSEPH A. SACHER** | Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**

Visit our COVID-19 HUB

Miami Tower
100 SE Second Street, Suite 3900
Miami, FL 33131
D: 305-428-5339 | jsacher@grsm.com

www.grsm.com

> **From:** Stahl, David <dstahl@cozen.com>
> **Sent:** Monday, January 10, 2022 2:29 PM
> **To:** Joseph Sacher <jsacher@grsm.com>; Marie Kim <mkim@grsm.com>
> **Cc:** Lewis, Samuel <slewis@cozen.com>; Gale, Jonathan <jegale@cozen.com>; Gale, James <jgale@cozen.com>; Sanabria, Suzanna <ssanabria@cozen.com>; Mendoza, Jennifer <jmendoza@cozen.com>; Adam Ruff <aruff@grsm.com>