# EXHIBIT H

# Marie Kim

| | |
|---|---|
| **From:** | Joseph Sacher |
| **Sent:** | Friday, January 14, 2022 8:21 AM |
| **To:** | Lewis, Samuel; Stahl, David; Gale, Jonathan; Gale, James |
| **Cc:** | Marie Kim |
| **Subject:** | MOTDG v. Playwire |

Sam and other counsel,

In further response to your request during Thursday's deposition of Bryan Bugallo, for Playwire to withdraw their deposition Notices, we wanted to reiterate that Playwire will not withdraw them. Additionally, we wished to address the following with you.

On December 7, David Stahl sent an email that argued: **"Plaintiff has complied with the Rules, including L.R. 26.1(h**)" and that **"Playwire has not complied with the Local Rules regarding the depositions you are proposing be taken on January 18 and 19."** More recently, on December 10, he further argued: "It is now too late for you to do so under the Local Rules. Regardless, if Playwire cooperates in discovery such that we are able to obtain the discovery we are entitled to prior to January 14, and without the need for any court intervention, our client will agree to present witnesses for depositions sometime after January 20." Thus, David confirmed in writing that Plaintiff did <u>not</u> intend to cooperate in deposition scheduling and will not appear for depositions before the close of discovery, contrary to our repeated scheduling efforts and overtures.

We already advised David that we would not agree to depositions after January 20, since there was ample time to finish the depositions before cutoff, and the fact that the Court will not enforce any agreements after that date. In addition to the foregoing, we wish to advise you that the position that it is "too late" to notice the depositions of your clients was/is misplaced.

S.D. Fla. L.R. 26.1(h) states:

> **(h) Reasonable Notice of Taking Depositions.** Unless otherwise stipulated by all interested parties, pursuant to Fed. R. Civ. P. 29, and excepting the circumstances governed by F.R. Civ. P. 30(a), a party desiring to take the deposition **within the State of Florida** of any person upon oral examination *__shall give at least seven (7) days' notice in writing to every other party__* to the action and the deponent (if the deposition is not of a party), and a party desiring to take the deposition *__in another State__* of any person upon oral examination shall give at least fourteen (14) days' notice in writing to every other party to the action and the deponent **(if the deposition is not of a party)."**

As you know, we are taking Zoom depositions in Florida, as Plaintiff requested, not taking depositions outside the state of Florida. Regardless and barring Covid, Plaintiff would be required to appear for deposition in the Southern District, where this lawsuit was filed. 7 days is, therefore, sufficient under our facts. Further, as we have repeatedly noted, Plaintiff has been on notice of our intent to depose Plaintiff and its corporate representative[s], Wall and Lewis, and had the same deposition topics since 12/15.

*See also Browning v. Hartford Life & Accident Ins. Co.,* No. 18-80991-CIV-MIDDLEBROOKS, 2019 WL 7841706, at *3 (S.D. Fla. Feb. 19, 2019) ("**Defendant knew well before mediation concluded that Plaintiff wanted to depose Hartford's corporate representative.** Plaintiff had initially requested the deposition in September 2018. On October 1, 2018, Defendant requested that Plaintiff send Defendant a draft deposition notice so that Defendant could identify the witness that would be needed. (DE 23-2). **Defendant now asserts that it would have been 'unreasonable' to expect**

**Defendant's counsel to "identify[ ] and prepar[e] a witness and mak[e] him or her available within 12 or fewer days.'** (DE 22 at 4). However, Defendant could have identified the witness months before Plaintiff's January 2 deposition request. Moreover, the **Southern District of Florida's Local Rules dictate that parties must generally only provide seven days' notice for depositions. S.D. Fla. Local Rule 26.1(h). I thus see no reason why that should have been an insufficient amount of time for Defendant to prepare the corporate representative for deposition, particularly given that Plaintiff had first requested such deposition in September 2018. . . . Accordingly, it is hereby ORDERED AND ADJUDGED that Plaintiff's Motion to Compel Defendant's 30(b)(6) Deposition is GRANTED."**).

Accordingly, Playwire's Deposition Notices, dated January 11, are fully compliant with LR 26.1(h) for purposes of the January 18 and 19 depositions of MOTDgd and its corporate representatives.

We ask that you please confirm that your clients will reverse their refusal to be deposed and that they will be appearing for their depositions next week.  If you agree, as we have repeatedly requested, Jayson Dubin will appear for the completion of the Playwire corporate deposition on January 20.

Thank you.

Best,
Joe

---

**JOSEPH A. SACHER**  |  Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**

**Visit our COVID-19 HUB**

Miami Tower
100 SE Second Street, Suite 3900
Miami, FL 33131
D: 305-428-5339  |  jsacher@grsm.com

www.grsm.com